### HENRY M. PARKER *vs.* LEVI R. BAXTER & others.

Under the provisions of the seventh and eighth chapters of the revised statutes, a tax on real estate, assessed to the mortgagor in possession, constituted a lien on the whole estate, and a sale of the estate, for non-payment of the tax, passed to the purchaser not only the equity of redemption, but also the rights of the mortgagee.

BILL IN EQUITY to foreclose two mortgages of a lot of land in Cambridge. The bill stated the making of one of the mortgages by John Haskins, then owner of the lot, on the 24th of March 1848, and its assignment, after several mesne conveyances, to the plaintiff, on the 7th of December 1848; the sale of the equity of redemption by Haskins to Enos K. Baxter, on the 3d of May 1848; the making of the second mortgage by said Baxter on the same day, and its assignment, after mesne conveyances, to the plaintiff, on the 7th of December 1848; the sale of the equity of redemption by said Baxter, on the said 3d of May 1848, to Mary C. Grimes; her conveyance of the same to the defendant Levi R. Baxter on the 30th of November 1848; the breach of the condition of the mortgages; the combination of the defendants, Levi R. Baxter, Thomas Smith and Elisha Stone, to refuse to allow the plaintiff to take possession of the premises or to foreclose his mortgages; and their pretence that they, or some of them, had in some way acquired a paramount right or title to said lot.

16 *

The answer of Elisha Stone stated the ownership by John Haskins, from the 24th of March to the 3d of May 1848, of a parcel of land, of which the lot in question was part; the assessment of a tax on said parcel to Haskins by the assessors of Cambridge on the 1st of May 1848, and its commitment to the collector for collection; the non-payment of the tax, and the sale of said parcel of land by the collector on the 8th of March 1849, for such non-payment, after due notice and conformably to law, to the defendant Smith; and Smith's conveyance thereof to the defendant Stone on the 1st of March 1851; and that neither Haskins, nor any person claiming under him, or having any right to redeem said parcel of land, did, within two years after said sale, redeem the same, or offer so to do.

The case was set down for a hearing upon bill and answer, with the agreement that, for the purposes of the hearing, the statements of the plaintiff's and defendants' titles in the bill and answer should be taken to be true; and the defendants admitting that the plaintiff, before filing his bill, as soon as he learned the fact of the sale for non-payment of the tax, but more than two years after said sale, though denying the defendants' right, and acting under protest, and saving his own rights in the matter, offered, and was now willing, upon receiving a proper release of Stone's title to the premises, to pay the sum originally paid by Smith at said sale, with ten per cent. interest thereon, and the usual charges.

*H. M. Parker, pro se.* A mortgagee's rights are not affected by a sale of real estate, pursuant to Rev. Sts. *c.* 8, §§ 31, 32, for non-payment of a tax assessed on the mortgagor. These provisions do not make a tax, or a title from the collector, a fundamental lien which shall cut off or destroy all other liens. Section 31 declares that the collector's deed of the estate shall convey only " all the right and interest which the owner had therein at the time when the same was taken for his taxes." " Owner," in this chapter, means the owner of the fee. See §§ 16, 18, 19, 20, 21, 25; *Farnum* v. *Buffum,* 4 Cush. 265; and *St.* 1848, *c.* 166, §§ 1, 2, which took effect after the assessment of this tax. The *St* of 1849, *c.* 213, declaring that " no sale of any real estate

for taxes shall affect the rights of any person not taxable therefor," with a provision for the payment by a mortgagee, upon taking possession, of the taxes due, and expenses of any sale, is merely declaratory of the law as it previously existed. The same principles are to be applied in construing statutes imposing a tax for the benefit of the government, as in a matter between private individuals. *Fisher* v. *Kean*, 1 Watts, 259. *Evans* v. *Brown*, 5 Beav. 114. *Downe* v. *Morris*, 3 Hare, 394. *Farmers Loan & Trust Co.* v. *The People*, 1 Sandf. Ch. 139. The purchaser at a compulsory sale of property must show a title by proceedings strictly conformed to the provisions of the statute, and acquires only so much title as the statute gives him. *Farnum* v. *Buffum*, 4 Cush. 267. *Sherwood* v. *Reade*, 7 Hill, 434. *Sharp* v. *Johnson*, 4 Hill, 92. *Jackson* v. *Esty*, 7 Wend. 148. *Denning* v. *Smith*, 3 Johns. Ch. 341, 344 *Hale* v. *Burton*, Dudley, 105. Where the language of a statute is doubtful, an argument from inconvenience or hardship has great weight. *Langdon* v. *Potter*, 3 Mass. 221. *Ayers* v. *Knox*, 7 Mass. 306. *Bennett* v. *Ward*, 3 Caines Rep. 259. And it would be a great hardship on the mortgagee to lose his estate by an assessment and sale of which he had no notice.

*E. Buttrick*, for Elisha Stone. " All property, real and personal, of the inhabitants of this state, not expressly exempted by law, shall be subject to taxation." Rev. Sts. *c.* 7, § 2. The words " real property " must be construed to include all rights and interests in land. Rev. Sts. *c.* 7, § 3; *c.* 2, § 6, *cl.* 10. " All taxes on real estate shall be assessed, in the town where the estate lies, to the person, who shall be either the owner or in possession thereof, on the first day of May; and in cases of mortgaged real estate, the mortgagor shall, for the purposes of taxation, be deemed the owner, until the mortgagee shall take possession, after which the mortgagee shall be deemed the owner." Rev. Sts. *c.* 7, § 7. " Owner " means owner of the land, and of all interests therein. On any other construction, the interest of the mortgagee would escape taxation until he took possession, and the interest of the mortgagor afterwards. By Rev. Sts. *c.* 8, § 18, " taxes assessed on real estate shall

constitute a lien thereon," that is, on the entire estate. And a sale by a collector for non-payment of taxes, pursuant to §§ 18, 29, 31, passed a fee simple in the land, free from the lien created by the mortgages, and subject only to the right of redemption for two years given by § 32; which right has not been exercised in this case. See *Fager* v. *Campbell*, 5 Watts, 287; *Strauch* v. *Shoemaker*, 1 W. &.S. 175; *Caul* v. *Spring*, 2 Watts, 396.

DEWEY, J. No question is made by the defendants, as to the jurisdiction of this court as a court of equity, in cases of sales of real estate for non-payment of taxes. Such power seems to be directly conferred upon this court by *St.* 1849, *c.* 213. So far as respects the remedy, or mode of giving relief, the statute may properly be applied to cases of sales of real estate for taxes, made before its passage.

But the more difficult position for the plaintiff to maintain is, to show any sufficient ground for the relief he seeks, or any right to the possession of the premises, as against the defendants. The case, as submitted to the court, is simply this: What was the lien acquired under the Rev. Sts. *c.* 8, § 18; and what is the effect, upon the rights of the mortgagee, of a sale under § 31, for non-payment of taxes assessed to the mortgagor in possession, as required by Rev. Sts. *c.* 7, § 7?

The case must be decided upon the proper construction of the various provisions of the Rev. Sts. *cc.* 7, 8, as to the assessment and collection of taxes. The tax having been assessed upon the mortgagor, it is contended by the mortgagee that the lien therefor only attached to the right in equity of redeeming the mortgage; and that a purchaser at a collector's sale, for non-payment of the tax assessed thereon, only acquired the equity of redemption; and that the right of the mortgagee was left wholly unimpaired by such sale, and the neglect for two years to redeem the estate sold.

Section 18 of *c.* 8 provides that taxes assessed on real estate shall constitute a lien thereon, for two years after they are committed to the collector, and may be levied by sale thereof. And section 31 provides that the collector's deed of the real estate sold " shall convey all the right and interest which the owner had

therein at the time when the same was taken for his taxes." The lien, it will be perceived, is upon the real estate taxed. The tax is upon the parcel of real estate as one entire interest. It is to be assessed as a whole; that is, its entire value is to be assessed to the person, who shall be either the owner, or in possession thereof on the first day of May. Rev. Sts. *c.* 7, § 7. Who is the owner, for the purposes of taxation? The same section defines the term " owner," in reference to taxation of real estate subject to mortgage; and declares that the mortgagor shall for such purposes be deemed the owner, until the mortgagee shall take possession, after which the mortgagee shall be deemed the owner.

This statute provision makes it unimportant to consider the precise legal relation existing at common law between mortgagor and mortgagee, and substantially disposes of the whole question raised in this case. It is conceded that the mortgagor was the owner of the premises on the 1st of May 1848, and that the mortgagee had not taken possession of the same. The tax could not therefore be properly assessed upon the mortgagee. It was to be assessed to the owner, and the statute had declared that the mortgagor was the owner, and not the mortgagee, when no possession had been taken by him.

The only further inquiry is, what was the lien acquired by the assessment of the tax, and what interest could be sold and conveyed by the collector? We think the lien was commensurate with the estate taxed, and that was the entire estate. The tax was not assessed upon the equity of redemption, but upon the estate as a whole. Such assessment having been made, it was binding upon the whole estate, and not restricted to the interest of the mortgagor to redeem an outstanding mortgage. Upon the theory of the plaintiff, the lien might be valueless, as the mortgage might be so large in amount as to render the equity of redemption of no value.

The argument, urged by the plaintiff, of the injustice that may result from holding the lien coextensive with the whole estate, when the same is taxed to the mortgagor, and the mortgagee is ignorant of the proceedings, may show that some

further provision was necessary to secure more fully the interests of the mortgagee ; but does not show any sufficient reason for maintaining the opinion, that under the Rev. Sts. such is not the effect of an assessment of taxes on mortgaged estate.

Further provision has been made in this respect by *St.* 1848, *c.* 166. And the *St.* of 1849, *c.* 213, § 1, limits the effect of such assessment and sale for non-payment of taxes of mortgaged estates, and subjects the mortgagee to liability for all taxes unpaid, upon his taking possession of the real estate by force of the mortgage. But this assessment having been made previously to these statutes, the rights of these parties under the assessment and sale for taxes are not affected thereby.

Upon the facts agreed, this bill cannot be maintained.